**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND**

Civil Action No. 19-106-HRW

**NADINE ANN TRAUGOTT,**                                                                   **PLAINTIFF,**

v.                           **MEMORANDUM OPINION AND ORDER**

**ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,**                              **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits alleging disability beginning on November 15, 2016, due to back pain, fibromyalgia, high blood pressure, gastrointestinal problems, migraines, depression and anxiety. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Neil Morholt (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Chelsea Parker, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 56 years old years old at the time of the hearing decision. She has a high school education. Her past relevant work experience consists of work as a cashier and school cafeteria clerk.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from migraine headaches, hypertension, degenerative disc disease, bilateral neuropathy, allergic rhinitis, right shoulder impingement syndrome, bipolar disorder and generalized anxiety disorder, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments .

The ALJ further found that Plaintiff could not return to her past relevant work but

determined that she has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1567(c) (involving lifting and carrying 25 pounds frequently and 50 pounds occasionally); could never climb ladders, ropes, or scaffolds; could frequently stoop, kneel, crouch, crawl, reach overhead with her right arm, use hand and foot controls, and push/pull with her arms and legs; should avoid frequent exposure to extreme cold, vibration, and pulmonary irritants; and should avoid all exposure to unprotected heights and moving mechanical parts (Tr. 16). The ALJ also found that she could understand, remember, and carry out simple routine tasks; make simple work-related decisions; frequently interact with supervisors and coworkers; and occasionally interact with the general public (Tr. 17).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.   ANALYSIS

### A.   Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.   "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a

3

whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) he did not appropriately weigh the medical opinions in the record and (2) the hypothetical posed to the VE was flawed.

    **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that he did not appropriately weigh the medical opinions in the record. Specifically, she contends that the ALJ did not properly weigh the opinions from examining physician William Waltrip, M.D., reviewing physician Sudihideb Mukherjee, M.D., and examining psychologist Brittany Shaw, M.S.

In March 2017, William Waltrip, M.D., performed a consultative examination of Plaintiff in connection with her disability application (Tr. 684-87). On examination, Dr. Waltrip noted no loss of muscle mass or tone in Plaintiff's extremities; no limitations on range of motion testing,

4

muscle tenderness, or spasms in her back; no deformity or tenderness in her joints; a normal gait; intact cranial nerves; no loss of motor strength or sensation; an ability to tandem and heel-to-toe walk, squat, and walk on her toes and heels; and normal deep tendon reflexes (Tr. 686). He also noted that an x-ray of her lumbar spine showed good alignment and preserved disc spaces throughout (Tr. 686). Dr. Waltrip diagnosed chronic back pain with radiculopathy in her legs, fibromyalgia, high blood pressure, GERD, migraines, and tobacco abuse (Tr. 686-87). He opined that she was moderately limited in her ability to walk, stand, or sit due to back problems and that she would probably have difficulty lifting objects greater than 25-30 pounds (Tr. 687).

In January 2017, Brittany Shaw, M.S., performed a psychological evaluation of Plaintiff in connection with her disability application (Tr. 678-81). Dr. Shaw diagnosed depression and opined that Plaintiff had no impairments in understanding, remembering, and carrying out instructions and sustaining attention and concentration toward the performance of simple repetitive tasks and moderate limitations in her ability to tolerate the stress and pressure of day-to-day employment and respond appropriately to supervisors and coworkers (Tr. 680-81).

In July 2017, state agency physician Sudihideb Mukherjee, M.D., reviewed Plaintiff's medical records and opined that she could lift and carry 50 pounds occasionally and 25 pounds frequently; could sit and stand/walk six hours each in an eight-hour workday; could frequently stoop, kneel, crouch, and crawl; could never climb ladders, ropes, or scaffolds; and should avoid concentrated exposure to vibration and extreme cold and all exposure to hazards and unprotected heights (Tr. 94-97).

In considering these opinions, the ALJ found that Dr. Waltrip's conclusions were unsupported by and inconsistent with his examination that showed largely normal findings (Tr.

5

20-21). Indeed, Dr. Waltrip's examination showed no loss of muscle mass or tone in the extremities; no limitations on range of motion testing; muscle tenderness, or spasms in her back; no deformity or tenderness in her joints; a normal gait; intact cranial nerves; no loss of motor strength and no loss of sensation; an ability to tandem and heel-to-toe walk, squat, and walk on her toes and heels; and normal deep tendon reflexes (Tr. 686). Dr. Waltrip also noted that an x-ray of her lumbar spine showed good alignment and preserved disc spaces throughout (Tr. 686). In light of the discrepancy between Dr. Waltrip's conclusions and his "essentially unremarkable" examination findings, the ALJ reasonably gave Dr. Waltrip's opinion little weight. *See* 20 C.F.R. § 404.1527(c)(4) (ALJ must consider consistency).

The ALJ gave considerable weight to Dr. Mukherjee's opinion. Plaintiff argues that the opinion should be discounted based evidence dated after the doctor's July 2017 opinion indicated that she was more limited. In doing so, she relies on treatment notes showing steroid injections for low back pain and physical therapy treatment notes. However, it is clear from the decision that the ALJ considered the entire record, including treatment notes dated after Dr. Mukherjee's review, and the ALJ specifically referenced the steroid injections and physical therapy (Tr. 19 (noting 2018 treatment notes showed facet injections with 80% relief and some improvement in her symptoms with physical therapy); *see generally* Tr. 1397-1420 (physical therapy notes) & 793-97, 1042-51 (pain management notes)). As such, the ALJ did not err in relying on Dr. Mukherjee's opinion.

As for Dr. Shaw, Plaintiff argues that the ALJ erred by not including verbatim "moderate" limitations in tolerating stress and responding appropriately to supervisors and coworkers in the residual functional capacity assessment. Yet, the ALJ is not obligated to quote

6

an opinion verbatim. Indeed, the ALJ is charged with crafting the RFC, not a physician. Here, the ALJ did what he was charged with doing when he translated those "moderate" limitations into concrete work-related limitations, namely limiting Plaintiff to performing only simple tasks and interacting with coworkers and supervisors frequently. The Court finds no error in this regard.

Plaintiff's second claim of error is that the hypothetical posed to VE was flawed. However, the Court finds that hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective, credible medical evidence.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith. This 28th day of September, 2020.

**Signed By:**

**_Henry R Wilhoit Jr._** 

**United States District Judge**